UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRIS FRENCK,

        Plaintiff,

vs.                                        Case No. 8:06-cv-1534-T-17EAJ

CORRECTIONS CORPORATION OF
AMERICA; HERNANDO COUNTY JAIL,

        Defendants.

_____/

## O R D E R

This cause is before the Court on Defendants Corrections Corporation of America

(hereinafter "CCA") and Hernando County Jail's[1] motion to dismiss Plaintiff's complaint

pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

BACKGROUND

Defendants' Contentions

Plaintiff filed a civil rights Complaint against CCA presumably pursuant to 42 U.S.C.

section 1983 claiming that at some point during his incarceration beginning October 21, 2005,

---

[1] CCA and Hernando County Jail are actually one in the same. CCA is a privately owned corporation that runs and manages the Hernando County Jail. Consequently, reference is made herein to exclusively to CCA as the Defendant as such reference necessarily includes Hernando County Jail.

certain unnamed officers used excessive force against him and that for the first thirty-five hours of his incarceration he was denied food and water (Doc. No. 1). His claim is phrased as an alleged violation of the Eighth Amendment.[2]

Plaintiff provides no specifics as to precisely when the alleged excessive force occurred or which officers were involved in the alleged attack upon him. Therefore, it appears that Plaintiff is filing a claim solely against the entity of CCA.. Plaintiff does not assert that his injuries were the result of a custom or policy of CCA.[3]   Moreover, Plaintiff has not served CCA properly, as service was effected via certified mail and was not accompanied by a Request for Waiver of Service as required by Fed. R. Civ. P. 4(d) and 4(h). Consequently, Plaintiff has failed to state a claim for which relief can be granted.

Plaintiff has failed to properly allege a claim against CCA under section 1983. Section 1983 claims predicated on *respondeat superior* theories have been uniformly rejected. Monell v. Department of Social Services, 436 US 658, 690-692 (1978).   Instead, a Plaintiff must establish that a policy, custom or practice was the moving force behind a particular defendant's alleged misconduct.  Board of County Commissioners v. Brown, 117 S. Ct. 1382, 1388 (1997).  That requirement extends to private actors acting under color of state law.   Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992);  see also, Dennis v. Sparks, 449 U.S. 24 (1980)(private individual deemed to act under color of state law if he

---

[2]  Plaintiff apparently was a pre-trial detainee.  As such, he had no true Eighth Amendment rights, but rather rights premised on the due process clause of the Fourteenth Amendment.  Cook v. Sheriff of Monroe County, Fla.. 402 F. 3d 1092, 1115 (11th Cir. 2005)(citation omitted). This pleading defect is inconsequential because the pleading standards for the Eighth and Fourteenth Amendments are the same in this context. Cook, 402 F. 3d at 1115.

[3]  Plaintiff also fails to allege that CCA was acting under color of state law or that CCA owed a duty to him. CCA is willing to overlook these deficiencies as Defendant is pro *se* and it can hardly be questioned that CCA operates the Hernando County Jail under color of state law. Similarly, CCA acknowledges that it owes its inmates a duty to be free from excessive force.

or she is "willful participant in joint action with State or its agents"); <u>Adickes v. S.H. Kress</u> <u>& Co.</u>, 398 U.S. 144 (1970)(proof of conspiracy between restaurant and police would establish that the restaurant acted under color of law and thus the private entity could be held liable under § 1983); <u>Rev v. Kmart Corp.</u>, 1998 U.S. Dist. LEXIS 23096, 11 Fla. L. Weekly Fed. D 855 (S.D. Fla. 1998); <u>Dailey v. Don Hunter. et al.</u>. Case no. 2:04-cv-392-FtM-29DNF, Doc. No. 54, pg. 10 (M.D. Fla. 2006).

Plaintiff has failed to state a cause of action against CCA, as Plaintiff has cited no custom, policy or practice that was the moving force behind the alleged constitutional deprivations. Plaintiff instead indicates that individual officers acted improperly. Such a claim is nothing more than an attempt to indict an employer for an employee's actions, which <u>Monell</u> prohibits. Consequently, Plaintiff's claim against CCA must be dismissed until such time as Plaintiff is able to set forth nonfrivolous allegations of unconstitutional customs or policies on the part of CCA.

Furthermore, Plaintiff has not properly served CCA.[4]  Instead, Plaintiff mailed a copy of his Complaint via certified mail on or about August 29, 2006 (See Exhibit "A" attached showing envelopes in which complaint was mailed). Fed. R. Civ. P. 4(h) states in pertinent part that, "service upon a...corporation...from which a waiver of service has not been obtained and filed shall be effected: (l)...by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...." Plaintiff has not provided CCA with a request for a Waiver of Service and, obviously, has not filed a Waiver of Service with the Court. See Fed.

---

[4] Plaintiff was not incarcerated when he filed the complaint.  He paid the $350.00 filing fee. The Court ordered that he was required to serve Defendants pursuant to Rule 4, Federal Rules of Civil Procedure. (Doc. No. 2).

R. Civ. P. 4(d). Therefore, service has not been effected on CCA and a response is, therefore, not due at this time. This point is made only in the event that Plaintiff claims that CCA did not timely respond to his complaint and moves the Court for a default judgment.[5] Nevertheless, CCA accepts service and no longer requires Plaintiff to effect formal service upon CCA provided that all future pleadings and correspondence are directed to CCA's attorney.

Plaintiff's Allegations

Plaintiff, who was not incarcerated when he filed the complaint, and is not now incarcerated, refutes CCA's allegations and does "feel that the CCA should be held responsible for the actions of there [sic] employees."  Plaintiff seeks $500,000 for the violation of his rights.  Plaintiff claims that the humiliation, mental and physical anguish he has suffered through the actions of CCA employees justifies the relief he has requested.

STANDARD FOR MOTION TO DISMISS

In determining whether to grant a Fed. R. Civ. P. 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff and its allegations are taken as true. See Roberts v. Florida Power & Light Co., 146 F.3d 1305,1307 (11th Cir. 1998), cert. denied, 525 U.S. 1139 (1999). While courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductive therefrom, they need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party. Ellen S. v. The Fla. Bd. of Bar

---

[5] The reality is that had Plaintiff properly complied with Rule 4, CCA would have had 60 days to respond to Plaintiffs Complaint, making this responsive pleading well within all dates contemplated under Rule 4.

Examrs, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994). <u>See also</u>, <u>Marsh V. Butler County, Alabama</u>, 268 F.3d 1014, 1036 (11th Clr. 2001) (finding that "[I]n the light of the usual pleading requirements of Fed. R. Civ. P. B(6), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal) (citation omitted); <u>Mass. School of Law at Andover v. American Bar Association</u>, 142 F.3d 26, 40 (1st Cir.1998) (finding that a review court need not "swallow plaintiff's invective hook, line and sinker; bald assertions unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited"). In ruling on a motion to dismiss, courts may consider allegations contained in the complaint and any exhibits attached thereto. Fed. R. C. P. 12(b)(6); Fed. R. Civ. P. 10(c). A motion to dismiss will be denied unless it appears beyond all doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. <u>See</u> <u>Roberts</u>, 146 F.3d at 1307. It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under Rule 12(b)(6) is warranted. In the case of a pro se action, the Court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. <u>See</u> <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a pro se litigant is not excused from compliance with a Court order or other judicial or statutory deadlines. <u>See</u> <u>Wayne v. Jarvis</u>, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that "the problem here is not one of construction: instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines.").

After reading Plaintiff's complaint in a liberal fashion, the Court finds that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Therefore, Defendants' motion to dismiss will be granted.

Accordingly, the Court orders:

That Defendants' motion to dismiss (Doc. No. 4) is granted.  The Clerk is directed to enter judgment against Plaintiff Frenck and to close this case.

ORDERED at Tampa, Florida, on November 1, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Chris Frenck